UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy J. Riley | ) | CASE NO. 1:06 CV 619 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| City of Cleveland, | ) | |
| City of Cleveland Parking Violations | ) | **Memorandum of Opinion and Order** |
| Bureau, Photo Safety Division | ) | |
| Martin Flask, Director of Public Safety | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff/Appellant's Motion to Remand (Doc. 4). This case arises out of Timothy Riley's federal and state law challenges to a speeding ticket and the City of Cleveland's automatic traffic enforcement camera system. For the reasons that follow, plaintiff's motion is DENIED.

**FACTS**

In 2005 the Cleveland City Council enacted Cleveland Codified Ordinance 413.031 authorizing an automated traffic enforcement camera system. A series of specially-equipped

cameras designed to detect vehicle speed and red light violations were placed at numerous intersections throughout the city. When the camera detects a possible violation of the posted speed limit or a failure to stop at a traffic signal it photographs the vehicle and license plate. The license plate number is matched to an owner, the violation is reviewed by a police officer, and a ticket is mailed to the owner.

A ticket results in a civil fine plus possible late fees. These civil penalties are not considered a criminal conviction for any purpose and are not applied to the owner's vehicle operating record. The owner can appeal the ticket to a hearing officer. "[T]he strict rules of evidence" do not apply to the hearings and the ticket constitutes prima facie evidence of a violation. The hearing officer may find liability based on a preponderance of the evidence. The procedure contemplates appeals from the hearing officer's decision and provides that "the record of the case shall include the order of the Parking Violations Bureau, the Ticket, other evidence submitted by the respondent or the City of Cleveland, and a transcript or record of the hearing, in a written or electronic form acceptable to the court to which the case is appealed."

An automatic camera photographed Timothy Riley's vehicle traveling at 47 miles per hour in a 35 mile per hour zone at Chester Avenue and East 71st Street in Cleveland on December 19, 2005. Riley received a notice of liability for $100 and requested a hearing to contest the ticket. The hearing was scheduled for January 30, 2006. Riley issued a subpoena *duces tecum* to the City of Cleveland records custodian to appear at the hearing with numerous records related the Chester/71st camera and the automated ticketing system in general. No such records were produced and nobody from the City of Cleveland appeared at Riley's hearing. The hearing officer refused to enforce the subpoena and found Riley liable for the $100 fine.

On February 17, 2006, Riley filed a "Notice of Appeal of Administrative Decision" in the Cuyahoga County Court of Common Pleas pursuant to Ohio Revised Code § 2506.01. The named appellees are the City of Cleveland, the Parking Violations Bureau of the City of Cleveland Photo Safety Division and Martin Flask, the Director of Public Safety. In Count I, Riley alleges that "Appellant's rights to procedural and substantive due process and other constitutional rights were violated at the proceeding on January 30, 2006." Among other things, Count I alleges constitutional violations with respect to the burden of proof, the presentation of evidence, the hearing officer's participation in prosecuting the action, the hearing officer's refusal to enforce the subpoena and the Excessive Fine Clause of the Eighth Amendment. Count II alleges a violation of 42 U.S.C. § 1983. Count III alleges that Riley's "rights to a fair hearing and to a remedy under the Ohio Constitution were violated." Count IV alleges that CCO 413.031 is unenforceable as being in violation of the United States and Ohio Constitutions. Riley seeks reversal of the $100 fine, a finding that CCO 413.031 is unenforceable and unconstitutional, an award of all costs and attorney's fees in defending the action and any other relief the Court deems equitable.

The appellants City of Cleveland, City of Cleveland Parking Violations Bureau Photo Safety Division and Martin Flask removed the appeal from the Cuyahoga County Court of Common Pleas to this Court on March 17, 2006.

**STANDARD OF REVIEW**

A defendant may generally remove from state court to federal court any civil action of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). If the Court's jurisdiction is founded on a claim or right arising under the Constitution, treaties or laws of the United States, the action is removable without regard to the citizenship or residence

3

of the parties. 28 U.S.C. § 1441(b). Removal jurisdiction under this provision is identical to the scope of federal question jurisdiction under 28 U.S.C. § 1331. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000). "[F]ederal [removal] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the Court has jurisdiction over the federal claims, it may also exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(a); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004).

### DISCUSSION

Riley candidly admits that his Complaint alleges a number of federal claims. He nonetheless argues that remand is proper for a number of reasons. Riley first cites a number of cases in support of the longstanding and well reasoned rule that state courts have concurrent jurisdiction over federal causes of action. The Court has no quarrel with this salutary principle. Ohio courts are indeed competent to adjudicate Riley's federal claims. It does not follow, however, that a state court's concurrent jurisdiction trumps the statutory right to removal. *Dorsey v. City of Detroit,* 858 F.2d 338, 341 (6th Cir. 1988). 28 U.S.C. § 1441(b) allows the removal of all claims that arise under the Constitution, treaties or laws of the United States, including Riley's 42 U.S.C. § 1983 and Constitutional claims. *Ullmo v. Gilmour Academy*, 273 F.3d 671, 680 (6th Cir. 2001).

Riley next argues that the Court should decline to hear his pendant state law claims pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). *Burford* involved federal review, under state law and the Constitution, of state administrative orders regarding permits for oil wells. *Id.* at 317. In light of the complex nature of oil rights, Texas had constructed a system whereby administrative and judicial specialists would adjudicate disputes over those rights. *Id*. at 326.

4

Because federal interference threatened to frustrate the purpose of the complex system established in Texas, dismissal was appropriate. *Id*. at 332.

*Burford* abstention "represents an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." *Quakenbush v. Allstate Ins. Co*, 517 U.S. 706, 727-28 (1996). For example, in *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, the Supreme Court refused to extend *Burford* to allow dismissal of a federal court challenge to the City of New Orleans's denial of a utility rate increase. 491 U.S. 350 (1989). *Burford* abstention is only justified where there exists "difficult questions of state law bearing on substantial public import whose importance transcends the result in the case at bar" or if adjudication in the federal forum would disrupt the state's efforts to establish a coherent policy regarding matters of substantial public concern. *Id*. at 361. "While *Burford* is concerned with protecting complex state administrative processes from undue federal influence, it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." *Id*. at 362.

Riley proclaims that his federal claims "are substantially predominated over by the state claims, which lie at the heart of the issue in this case." However, this description is belied by his complaint, which is based almost exclusively on federal law or the Federal Constitution. Although the Complaint includes some broad allegations of violations of the Ohio Constitution, he has not provided any explanation of how these are substantively different from his federal claims. It is therefore of little concern that "no state court has yet to rule on the issue."

Nor has he provided any basis to conclude that the administration of Cleveland's automated camera enforcement system is particularly complex or that a decision by this Court will interfere with the City of Cleveland's ability to manage its system. Indeed, the City of

5

Cleveland does not appear to be concerned about federal interference in its administrative procedures, since it chose to remove the case.  Because Riley has failed to identify any difficult issues of state law or any potential disruption of state or local policy, *Burford* abstention is not appropriate.  Riley has not pointed to any other abstention doctrines that might apply to this action and the Court finds that abstention is improper.

Finally, Riley argues that "[t]his is not a case that belongs in federal court.  Plaintiff/Appellant is challenging the validity of a $100 fine imposed upon him pursuant to a municipal ordinance."  Riley is correct that federal courts do not normally provide the appropriate forum to appeal municipal speeding tickets.  Of course, in most speeding ticket appeals neither the ticket nor the entire ticketing system is challenged under federal law and the Constitution.  Where they are, the City of Cleveland and the other defendants/appellants are entitled to have the case heard in federal court pursuant to *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156 (1997).

In *College of Surgeons,* the plaintiffs were aggrieved by a decision of the Chicago Landmarks Commission.  *Id*. at 159-60.  They filed actions in the Circuit Court of Cook County under the Illinois Administrative Review Law challenging the decisions under the Due Process Clause, Equal Protection Clause, and as takings under the Fifth and Fourteenth Amendments.  *Id*. at 160.  The complaints also alleged violations of the Illinois Constitution and sought review of the underlying administrative decisions.  *Id*.  The City of Chicago removed the action to federal court based on the federal claims.  *Id*. at 161.  The district court ultimately ruled on the merits.  *Id*.

The Seventh Circuit reversed.  It focused on the "character of the state judicial action" as an appeal of an administrative decision.  *Id*.  The Seventh Circuit concluded that it "was

6

inconsistent with the character of a court of original jurisdiction" to conduct an appeal of a state administrative action. *Id*. at 161-62.  Accordingly, a proceeding to review state administrative action was not a "civil action" under the removal statute and thus not subject to removal. *Id.* at 162.

The Supreme Court concluded that the case was removable and reversed the Seventh Circuit. *Id*. at 163.  The plaintiffs' claims arose under federal law because the well pleaded complaint established that the right to relief under the state administrative review law required resolution of a substantial question of federal law. *Id*. at 164.  Supplemental jurisdiction over the remaining state law claims was proper because those claims "form part of the same case or controversy" and "derive from a common nucleus of operative facts." *Id*. at 165.

The case at bar is practically indistinguishable from *College of Surgeons*.  Riley has appealed the hearing decision pursuant to Ohio Revised Code § 2506.01 which allows appeal from decisions of any agency of any political subdivision in the Court of Common Pleas.  In order to prevail on most of the claims to his appeal, he must prevail on his federal law and Constitutional arguments.  Finally, he has presented no reasonable argument his state claims can be distinguished from his federal claims.

### **CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
UNITED STATES DISTRICT JUDGE

Dated:  6/2/06

7